# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| AMBER PHILLIPS,<br><br>      Plaintiff,<br><br>v.<br><br>AVANT, LLC,<br><br>      Defendant. | **Case No.:** 1:25-cv-2140<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **Telephone Consumer Protection Act, 47 U.S.C. § 227** *et seq.***; and**<br>2. **Intrusion Upon Seclusion** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Amber Phillips ("Plaintiff" or "Ms. Phillips"), by and through her attorneys, alleges the following against Avant, LLC ("Defendant" or "Avant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Denver, Colorado.

6. Defendant is a financial institution headquartered in Chicago, Illinois.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

9. Defendant has attempted to collect an alleged credit card debt owed by Plaintiff.

10. In or around December 2023, Avant began calling Plaintiff on her cellular phone number ending in 2624.

11. The calls originated from at least one (1) unique phone number. The number Defendant used includes (312) 818-5250.

12. Upon information and belief, Avant owns and operates this phone number.

13. On or about December 11, 2023, at approximately 2:47 p.m., Plaintiff received a call on her cellular phone from (312) 885-2624. During this conversation, the caller identified themselves as a representative of Defendant and stated that Defendant was trying to collect an alleged debt owed on an account associated with Plaintiff.

14. During that call, Plaintiff informed the representative that she could not pay because she was experiencing financial hardship, as her daughter was having medical issues and Plaintiff had several medical bills that she was struggling to pay on behalf of her daughter.

15. Finally, Plaintiff instructed the representative that Defendant should not call Plaintiff on her cell phone, but should communicate with Plaintiff in writing **only**. Thereby, Plaintiff revoked any previously-given consent to be called on her cellular telephone.

16. Despite Plaintiff expressly informing Defendant that she could not pay at the time and that she did not want Defendant calling her on her cellular phone, Defendant nevertheless continued to call Plaintiff regularly during, sometimes multiple times per day and on weekends/evenings.

17. Between December 2023 to in or around May 2024, Defendant called Plaintiff no less than two hundred and five (205) times after Plaintiff had instructed Defendant to stop calling her.

18. Defendant's agents left voicemails multiple times, occupying space on Plaintiff's voicemail box and preventing other callers from leaving messages that Plaintiff actually wanted to receive.

19. Upon information and belief, Defendant called Plaintiff and delivered pre-recorded or artificial voice messages. Plaintiff has recordings of thirty-two (32) of the pre-recorded messages left by Defendant.

20. Defendant repeatedly called Plaintiff during work hours, even though Defendant knew it lacked Plaintiff's consent to do so.

21. Upon information and belief, Defendant is familiar with the TCPA.

22. Defendant's conduct was not only done willfully but was done with the intention of harassing Plaintiff and causing Plaintiff such distress, so as to coerce her into paying the debt or paying more than she was able to.

23. Defendant's conduct could reasonably be expected to threaten or harass Claimant and exceeded reasonable collection efforts.

24. Each and every one of Defendant's telephone calls caused Plaintiff distraction, annoyance, frustration, and temporary loss of use of her telephone line.

25. By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent – namely, a "nuisance and invasion of privacy."

26. Defendant was aware that Plaintiff was struggling financially. Instead of honoring Plaintiff's request that Defendant communicate with her in writing, Defendant continued to place calls to Plaintiff's cell phone and employed the use of pre-recorded voicemails to leave demands for payment on a debt that it knew she could not afford to pay.

27. Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had.

28. Defendant has a corporate policy of using pre-recorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

29. Plaintiff expressly revoked any consent Defendant may have believed it had for placement of telephone calls to Plaintiff's cellular phone.

30. As a result of Plaintiff's conduct, Plaintiff has sustained actual damages, including, but not limited to, confusion, stress, frustration, anxiety, sleep loss, embarrassment, anguish, physical, emotional and mental pain.

31. Every call distracted Plaintiff, and prevented her from normally using her cell phone, and additionally was a recurring reminder of her financial troubles.

32. Furthermore, each and every one of Defendant's telephone calls caused Plaintiff distraction and temporary loss of use of her telephone line.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

33. Plaintiff incorporates by reference the foregoing factual allegations as though fully stated herein.

34. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

35. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b).

## COUNT II

### (Intrusion Upon Seclusion)

36. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

37. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after numerous requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

   d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. By calling Plaintiff approximately two hundred and five (205) times, any reasonable person would be offended by Defendant's conduct.

40. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Amber Phillips, respectfully requests judgment be entered against Defendant Avant, LLC for the following:

41. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

42. Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3);

43. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

44. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 11th day of July 2025.

*By: Landon Maxwell*
Landon Maxwell, AZ #038439
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way Scottsdale, AZ 85258
T: (480) 626-1975
F: (480) 613-7733
E: lmaxwell@consumerjustice.com

*Attorneys for Plaintiff*
*Amber Phillips*